# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATTHEW SKIFF,

                    Plaintiff,

v.

RN J. HOLLANDER, DR. MARK C.
LEDESMA, B. GUGLER, RN ANN
MUELLEN, RN ELIZABETH A.
BARKER, RN J. PETERS, RN JONI M.
DYSKTRA, DR. LEAHANNA
KRIZAN, LT. PANIZERS, and LT.
WESTFIELD,

                    Defendants.

Case No. 22-CV-1290-JPS

# ORDER

Plaintiff Matthew Skiff, an inmate confined at Stanley Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was not provided with a low bunk restriction. ECF No. 1. On December 27, 2022, Plaintiff filed a motion to change venue to the Western District of Wisconsin. ECF No. 8. On February 24, 2023, Plaintiff filed a motion to amend the complaint, ECF No. 9, and attached a proposed amended complaint, ECF No. 9-1. Plaintiff may file an amended pleading as a matter of course before service on the opposing party, *see* Fed. R. Civ. P. 15(a), and the Court will therefore grant Plaintiff's motion to amend the complaint. The remainder of this Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and motion to change venue, as well as screens his amended complaint.

1.    **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 7, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $35.92. ECF No. 5. Plaintiff paid that fee on November 15, 2022. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.    **SCREENING THE COMPLAINT**

    2.1    **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th

Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff's allegations stem from the staff at Dodge Correctional Institution ("DCI") denying him a lower bunk in 2022. ECF No. 9-1 at 2. Plaintiff began sending requests to Health Service Unit ("HSU") staff about a lower bunk. *Id.* Plaintiff sent requests to Defendant J. Hollander, RN Assistant HSU Manager ("Hollander").[1] *Id.* Plaintiff informed DCI of his

---

[1] The Court notes that it is very difficult to read the spelling of many defendants' names listed in the Complaint. The Court has used its best effort and judgment to decipher Plaintiff's handwriting.

medical problems, the medication he receives for them, and the effects it had on him while he slept. *Id.*

Employees in DCI administration said they could not or would not override medical's decision. *Id.* at 3. Plaintiff was denied a lower bunk on all levels, including through the grievance system. On August 10, 2022, Plaintiff unconsciously rolled off his top bunk. *Id.* Plaintiff hit his head on the desk and injured his elbow, knee, and back during the fall. *Id.* Plaintiff's fall could have been avoided if DCI staff had given him a lower bunk. *Id.*

The day after Plaintiff's fall, Defendant Dr. Mark C. Ledesma ("Ledesma") examined Plaintiff. *Id.* Ledesma stated that Plaintiff could walk even though he clearly could not. *Id.* at 4. Defendants HSU Manager B. Gugler ("Gugler") and Hollander denied Plaintiff a lower bunk before and after he fell. *Id.* Defendant RN Ann Muellen ("Muellen") denied Plaintiff a lower bunk after he fell. *Id.* Defendants RN Elizabeth A. Barker ("Barker") and RN J. Peters ("Peters") "neglected [Plaintiff's] rights as a patient." *Id.* When getting a second and third opinion, Defendants RN Joni M. Dysktra ("Dysktra") and Dr. Leahanna Krizan ("Krizan") did not perform a nerve test on his right foot despite Plaintiff asking. *Id.* Plaintiff felt belittled and was laughed at by Defendants Lt. Panizers ("Panizers") and Lt. Westfield ("Westfield"). *Id.*

After falling, Plaintiff's mattress was placed on the floor where he slept for two weeks. *Id.*[2] Plaintiff is still concerned about his nerve damage and the safety and well-being of inmates who are assigned top bunks at DCI. *Id.*

---

[2]Plaintiff does not indicate what happened with his sleeping situation after two weeks.

### 2.3 Analysis

A prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, Skiff must allege facts from which the Court can infer that: (1) he had an objectively serious medical need; and (2) the defendants were deliberately indifferent towards that medical need. *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 427–28 (7th Cir. 2017); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Petties v. Carter*, 836 F.3d 722 (7th Cir. 2016)). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea*, 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The Court will allow Plaintiff to proceed on an Eighth Amendment deliberate-indifference claim against Defendants Hollander, Ledesma, Gugler, and Muellen for their failure to provide Plaintiff with a medically necessary low bunk restriction. Plaintiff alleges that he required a low bunk restriction based on his medical condition and the effects of his prescribed medication. He alleges that he told these defendants about his condition, and they denied him a low bunk restriction either before or after he fell from his top bunk on August 10, 2022. At the pleading stage, the Court finds Plaintiff's allegations sufficient to proceed against Hollander, Ledesma, Gugler, and Muellen.

The Court does not, however, find that Plaintiff states sufficient factual allegations to proceed against Defendants Barker, Peters, Dysktra, Krizan, Panizers, and Westfield. Plaintiff's conclusory allegation that Barker and Peters "neglected [his] rights as a patient" are insufficient to state a claim. *See Ashcroft*, 556 U.S. at 678. Similarly, Plaintiff's vague allegation about Dysktra and Krizan not providing him with a nerve test does not contain sufficient factual detail for the Court to determine that they were deliberately indifferent to Plaintiff's serious medical need. Finally, Panizers and Westfield belittling and laughing at Plaintiff fails to state a constitutional violation, even though such conduct is deplorable. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of derogatory language, while unprofessional and deplorable, does not violate the Constitution.").

3.     **VENUE**

Plaintiff seeks to change venue to the Western District of Wisconsin because he has been relocated to Stanley Correctional Institution in the Western District. ECF No. 8. The Court will deny Plaintiff's motion because venue is appropriate in the Eastern District of Wisconsin as opposed to the Western District. Federal venue is appropriate either in the judicial district where any defendant resides or a district where substantial part of events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391. The events giving rise to this case occurred at DCI, located in the Eastern District of Wisconsin. Defendants in this case are employees of DCI, and therefore are more likely than not residents in the Eastern District of Wisconsin. As such, the Court will deny Plaintiff's motion to change venue.

4.    **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Hollander, Ledesma, Gugler, and Muellen for deliberate indifference to Plaintiff's serious medical need to have a lower bunk.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to change venue, ECF No. 8, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint, ECF No. 9, be and the same is hereby **GRANTED**; the Clerk of Court is directed to file the proposed amended complaint as the operative complaint;

**IT IS FURTHER ORDERED** that Defendants Barker, Peters, Dysktra, Krizan, Panizers, and Westfield be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Hollander, Ledesma, Gugler, and Muellen**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D.

Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $314.08 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2023.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**.  If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.